Totten, J.,
delivered the opinion of the court.
The action is ejectment in the circuit court of Grainger, for 300 acres of land. At December term, 1850, there was judgment for the defendants, and the plaintiff has appealed in error to this court.
*32 It appears that one Edmond Collins was the owner of the entry for said 300 acres of land — that on the 3d August, 184G, it was sold by the sheriff of Grainger under execution as the property of said Collins, at which sale the said Thomas H. Conn became the purchaser — that on the 1st February, 1847, the said sheriff assigned the plat and certificate of the survey of said entry to said Conn, who obtained a grant from the State for the same, in his own name, on the-12th of February, 1847.
The equitable interest in land held by entry, as in the present case, is made subject by statute to levy and sale under execution at common law, and the sheriff, who makes the sale, may assign the plat and certificate to the purchaser, so as to enable him to procure a grant in his own name: provided, that the assignment shall not be made until the term limited for the redemption of land from execution sales, shall elapse.— Act 1827, ch. 25.
Now, it is objected that as the assignment was made before the lapse of the two years after the sale, allowed for redemption, there was no authority to issue the grant, and that a grant so issued should be held and deemed as merely void.
We cannot, in view of well settled principles, assent to this position. Where the land is subject to entry and grant, and the grant is issued in proper form by the officers of the State, having power and authority to issue it, it is to be taken as valid, in the action of ejectment, and no objections that lie behind such grant, can be made.
This rule is illustrated in several reported cases, and is subject to very few exceptions. One exception is, where effect is given to a younger grant founded on an older special entry, over an older grant founded on a younger entry. In such case, the grant is held to relate, even in the action of ejectment, to the date of the entry, that is, to the inception of the equitable title, and you may go behind the grant to ascertain *33 the date and specialty of the conflicting entries. And so, where, in a given state of facts, a grant is expressly declared to be void by statute, it may so be held as well in a suit at law as in equity.
But the present case does not form an exception to the general rule. The grant is in due form and issued by the proper officers, it recites the fact of the sheriff’s assignment; but the sheriff having power to assign in such case, it will be presumed that both the sale and the assignment are in conformity to law. The officers of the state appointed to issue grants, are not the proper forum to determine, whether the sale and assignment have been legally and properly made. It is sufficient for the issuance of the grant, that they appear and assume to be so. It is true, it was the duty of the Sheriff not to make the assignment, till after the lapse of two years, as before stated; but we cannot regard this directory provision of the statute as having the force and effect to avoid the grant, in cases where the assignment is sooner made. Such is not the usual effect given to directory provisions in statutes. But we- cannot in the present action, which turns upon the legal title only, go behind the grant, to inquire whether the Sheriff’s sale and assignment were legally and properly made. Because the effect of the grant is, to pass the title from the State and invest it in the purchaser. The grant, as it appears on its face, was properly issued by the State, and its effect is to divest the State of its legal title and vest it in the purchaser. The State has no further interest in the matter, and is not to be called upon to issue another grant, if it should appear that the defendant was the better owner of the land. If by reason of any valid objection to the sale, as the want of sufficient levy or notice, it should appear that the plaintiff in point of fact or in justice is not entitled the land in virtue of his said purchase, that is matter for a bill in equity to compel him to relinquish and convey the legal title to the true and *34 proper owner; or by decree, to divest him of his title. We are not to declare the present grant void, which appears on its face to be valid, and require the State to issue another grant to another party, which in its turn, might likewise be contested by another claimant. But the person who is equitably entitled to the land, must seek the legal title, where it has been placed by the grant of the State.
The judgment will be reversed and the cause remanded for a new trial.